SUMMARY ORDER

Petitioner Shao Qin Zheng, a native and citizen of the People’s Republic of China, seeks review of a March 28, 2008 order of the BIA affirming the March 20, 2006 decision of Immigration Judge (“IJ”) Barbara A. Nelson, denying her applications for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). In re Shao Qin Zheng, No. A95 708 502 (B.I.A. Mar. 28, 2008), aff'g No. A95 708 502 (Immig. Ct. N.Y. City Mar. 20, 2006). We assume the parties’ familiarity with the underlying facts and procedural history of the case.
As an initial matter, although Zheng is challenging the denial of relief in “asylum-only” proceedings, as opposed to an actual removal order, we nonetheless have jurisdiction under 8 U.S.C. § 1252(a)(1) because the denial of relief in these circumstances is the functional equivalent of a removal order. See Kanacevic v. INS, 448 F.3d 129, 134 (2d Cir.2006).
When the BIA adopts the decision of the IJ and supplements the IJ’s decision, we review the decision of the IJ as supplemented by the BIA. See Yan Chen v. Gonzales, 417 F.3d 268, 271 (2d Cir.2005). We review the agency’s factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); see also Corovic v. Mukasey, 519 F.3d 90, 95 (2d Cir.2008). We review de novo questions of law and the application of law to undisputed fact. See, e.g., Salimatou Bah v. Mukasey, 529 F.3d 99, 110 (2d Cir.2008).
Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal in the absence of manifest injustice. See Yueqing Zhang v. Gonzales, 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005). It is clear from the IJ’s decision that her adverse credibility finding went to both Zheng’s family planning claim and her illegal departure claim. Thus, because Zheng fails to challenge the agency’s adverse credibility determination in her opening brief, we deem any such argument waived.[2] See id. Because the only evidence of a threat to Zheng’s life or freedom depended upon her credibility, the adverse credibility determination in this case necessarily precludes success on her claims for asylum and CAT *8 relief.[3] See Paul v. Gonzales, 444 F.3d 148, 156 (2d Cir.2006); Xue Hong Yang v. U.S. Dep’t of Justice, 426 F.3d 520, 523 (2d Cir.2005); cf. Ramsameachire v. Ashcroft, 357 F.3d 169, 184-85 (2d Cir.2004).
Zheng’s argument that the IJ erred in failing to indicate a country of removal in her order is without merit. Because Zheng attempted to enter the United States using a fraudulent Japanese passport under the Visa Waiver Program, she was placed in asylum-only proceedings where she waived all her rights to contest her removal, “other than on the basis of an application for asylum.” 8 U.S.C. § 1187(b). Thus, where the Notice of Referral to Immigration Judge (Form 1-863) functioned as the removal order, it was unnecessary for the IJ to designate a country of removal in her order.
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

. While Zheng challenges the agency's adverse credibility determination in her reply brief, "arguments not raised in an appellant’s opening brief, but only in [her] reply brief, are not properly before an appellate court even when the same arguments were raised in the trial court.” McCarthy v. S.E.C., 406 F.3d 179, 186 (2d Cir.2005).

. While Zheng sets forth the standard for withholding of removal claims, she only challenges the agency's denial of asylum and CAT relief. Thus, we deem Zheng's withholding of removal claim waived. See Yueqing Zhang, 426 F.3d at 541 n. 1, 545 n. 7.